## DALZELL v. THE CITY OF DAVENPORT.

1. STATUTE CONSTRUED. The estimation of damages in an action under § 8, chapter 90, laws of 1857, should not be limited it to the injury sustained by the improvements only. The word "property," as used in said section includes both the lot and the improvements.
2. SAME: EVIDENCE. In an action for damages under said statute it is competent for the witnesses of defendant to state, in their examination in chief, the value of the plaintiff's property before and after the change of grade; but it is not competent for them on such examination to give their opinion as to *effect* of such change in adding to, or taking from, such value.

*Appeal from Scott District Court.*

THURSDAY, DECEMBER 12.

THE plaintiff seeks to recover damages done to his premises in the City of Davenport, by reason of a change of grade.

Judgment for defendant, and plaintiff appeals, assigning for error the action of the court below in receiving testimony, giving certain instructions and overruling his motion for a new trial.

*Bennett & Whitcomb* for the appellant.

I. The court will not permit a witness to give his opinion in answer to an inquiry which embraces the whole merits of of the case and leaves nothing for the jury to decide. *Whitmore* v. *Bowman*, 4 G. Greene 148 ; *Palamourges* v. *Clark*, 9 Iowa 16, and the cases there cited; *Wyman* v. *The Railroad Company*, 13 Met. 326 ; *Campbell* v. *Rusch*, 9 Iowa 327.

II. The jury were told that under § 8 of the amended city charter of Davenport, they could consider only the damages done to the improvements viewed separately from the lot. This construction of the statute is erroneous.

*James T. Lane*, City Attorney, for the appellee.

WRIGHT, J.—By § 8 of chap. 90 Laws 1857, p. 95 it is declared, that "In any case where a grade has been established by the city engineer, and any person has built or made any improvements on a street according to said grade, and the city authorities shall alter said grade in such a manner as to injure or diminish the value of said property, said city shall pay to the owner or owners of said ·property so injured, the amount of such damages or injury." In giving a construction to this section the court instructed the jury, that in estimating damages they would consider only the injury done to improvements, viewed separately from the damages done to the lot, to which plaintiff excepted, and now assigns the same as error.

The liability of the city for an injury resulting from a change of grade arises from the statute and not from the common law. Being a liability declared by statute, it is of course competent for the legislature, within constitutional bounds, to fix the extent and nature thereof. And therefore, it was a proper exercise°of legislative will in this instance, to provide that only those who had built or made improvements according to an established grade, should recover

damages for any alteration of the same. We can conceive of many cogent reasons why damages should be recovered in such cases, and not by those owning unimproved lots.

This view settled, the inquiry still remains, to what does the word " property," as found in the above section, refer. Does it mean improvements alone, or the lot, or ground, as well as the buildings and improvements thereon?

The legislative will, is by no means clearly stated on this subject. We incline to the opinion, however, and so hold, that the construction given to it by the court below was not correct, and that the appellant's position must therefore be sustained.

As we construe the law, it was the intention of the legislature to distinguish between those cases where the owner had built or made improvements according to the established grade, and where he had not. If the owner had done no act upon the faith of the continuance of the grade as established, there would seem to be no great impropriety in denying him any possible damages consequent upon the change. When, however, he builds or makes improvements according to the grade, having acted, as he had a right to do, upon the supposition that the grade would remain unchanged, his property is brought within the meaning and terms of the statute. And property as here used includes the lot, real estate, the tenements and hereditaments and all rights thereto and interests therein. If it was the intention to limit the injury to improvements, it seems to us the legislature would have employed different language. Thus, all difficulty would have been removed, if the word " improvements " had been used in the place of " property." And the failure to do so, it seems to us goes very far to prove the legislative will.

And there is no reason in the nature of things to thus confine the assessment of damages. When the improvements are made, they become a part of the realty. Much

difficulty would necessarily result, in every case almost, in separating the damages to the lot as such, from those to the improvements made thereon. If damages are to be confined to the improvements, then the inquiry arises, what are improvements within the meaning of the act. Does the term include houses, fences, out-buildings alone; or walks, trees, drains, wells, cisterns, and the like? Suppose the owner has filled up his lot, or cut it down to meet the established grade, is such work an improvement? And thus we might, by like inquiries, present the difficulties arising from such a construction. When the damages, however, are treated as relating to the entire property, lot as well as improvements, all difficulty is removed, and the law is easily administered. The court erred in this instruction therefore, and for this cause the case must be reversed.

II. It is also objected that the court erred in receiving the opinions of certain witnesses, as to the value of plaintiff's property before and after the change of grade, and the effect of such change on said value. Except when given by experts, evidence of mere opinions is not competent, unless upon some controlling ground of necessity, resulting from the nature of the inquiry. In *Wyman* v. *Lex & W. C. Railroad Company*, 13 Met., 310, it was held, that evidence of opinion of the value of property that is subject of litigation, was of this character, and should be received from the necessity of the case. For says DEWEY, J: "Without it you cannot, in many cases, bring before the jury such facts as will enable them to render a verdict for the proper damages for the value of the article which is the subject of damages." So in *Sater* v. *B. & Mt. P. Plk. R. Co.*, 1 Iowa, 386, it is said "that plaintiff may inquire generally, as to the value of the land, before and after the appropriation, leaving the opposite party by his right of cross-examination, to learn the ability of the witness to judge in the premises, and what he takes into consideration in making up his judg-

ment." And see *Henry* v. *Dubuque & Pacific R. R. Co.*, 2 Iowa, 288.

Evidence of this character is not, however, free from objection, and as far as practicable, should be excluded. It is to be confined strictly and exclusively to the subject in reference to which damages are claimed. To allow more more than this would be unnecessarily sanctioning the introduction of opinions of witnesses. [13 Met., *supra.*] And while it was competent for the witnesses in this case to state, on their examination in chief, the value of plaintiff's property, before and after the change of grade, it was not competent for them on such examination to give their opinions as to the effect of such charge, in adding to or taking from such value. Thus one witness stated, that "the effect of filling in the alley and on Perry street, in my judgment, would increase the value of the plaintiff's property very considerably." Another: "I never thought that the filling in the street and alley was an injury to the value of plaintiff's property. I thought it was an improvement. I should think that the alteration of the grade would more than compensate for the expense of filling up the lot." Other testimony of the same character was received, which we think was inadmissable. Neither the nature of the injury, nor any controlling ground of necessity, required such opinions. The witnesses were clearly stating *conclusions* and not *facts*; conclusions, too, which the jury could just as well, and more appropriately, draw having the facts before them, than the witnesses on the stand. Witnesses could well state the condition of the lot before the change, how much the street, or street and alley, were filled; how the lot was left by such change; how the house and other improvements were left; whether the use of the entire property was rendered more or less inconvenient, and why and how; and from all those and other facts, the jury would draw their own conclusions, as to the effect of the filling upon plaintiff's property. An opinion as to the value of property is more in the nature of

the statement of a fact.   Or if not this, is receivable upon the ground of necessity—a ground by no means applicable to the opinions now under consideration.

As the court erred in the main question, in giving a construction to the statutes, the correction of this will obviate the necessity of passing upon the other questions raised.

                                                    Reversed.