AMSDEN *et al.* v. THE DUBUQUE & SIOUX CITY R. R. Co.

1. Former adjudication: IDENTITY OF CAUSES OF ACTION. Under a plea of former adjudication, the identity of the present with the former cause of action is a question of fact for the jury, to be determined by them upon the evidence adduced.

2. —— ACTIONS AGAINST RAILROADS: CONTRACT. Where a railroad company agreed to put in a switch, build a side track and keep the same in repair, and to regularly run its cars thereon to any warehouse that might be built by the plaintiff, for the purpose of receiving or discharging grain, it was *held*, that the adjudication of an action to recover damages for a refusal on the part of the company to receive a car load of freight, would not be a bar to an action to recover damages for a subsequent total abandonment of the side track, unless such refusal to receive was intended as a final abandonment of the contract, and that fact was known to the plaintiff when he commenced his former action.

*Appeal from Dubuque Circuit Court.*

FRIDAY, JULY 28.

PLAINTIFFS allege that the Dubuque and Pacific Railway Company, in consideration of having taken the soil, sand and gravel from nine' acres of land belonging to plaintiffs, in the village of Manchester, agreed that they would cause a switch to be put in the side track of their road, at or near the crossing of the line of Wayne street,

in said village, 250 feet of side track to be laid on the north side of the main track, and that they would allow the plaintiffs to build upon and use the said side track for warehouse purposes, and to extend said side track on their land to Tama street, a distance of 250 feet; and that they further agreed that they would regularly run their cars to any warehouse that might be so built on said track, for the purpose of receiving or discharging any freight that might be shipped to or from said place by car load; that the said Dubuque and Pacific Railway Company used said soil, sand and gravel in the construction of the second forty miles of their road, and that, in pursuance of their contract, they put in a switch in their main track, and constructed and laid 250 feet of side track on the north side of the main track; that plaintiffs are the owners of the land immediately north of and adjoining said entire 250 feet of side track, and the extension thereof as contemplated in said contract, and that, relying upon the good faith of the Dubuque and Pacific Railway Company, and its obligation under said contract, they built a warehouse on their land adjoining said track, at the expense of $500. Plaintiffs further allege that, by virtue of a decree of foreclosure and a sale and conveyance thereunder, the Dubuque and Sioux City Railway Company succeeded to the rights of the Dubuque and Pacific Railway Company, and became liable to perform the obligations and conditions of the contract entered into by the Dubuque and Pacific Railway Company with plaintiffs, and that defendants, disregarding their liability and obligation, in the year 1862, took up and removed said 250 feet of side track, and removed the road-bed thereof, and wholly discontinued the same, and took out said switch; and that neither said side track nor switch has since been replaced, and that both companies refuse to replace the same. The agreement of the Dubuque and Pacific Railway Company referred to in plaintiff's petition is as follows: "In consideration that B. M.

and N. C. Amsden, of Manchester, Delaware county, Iowa, release the Dubuque and Pacific Railway Company from all damages, and claim for damages for borrow land taken by the Dubuque and Pacific Railway Company in the construction of their road to Manchester, which said damages are estimated at $250, the Dubuque and Pacific Railway Company agree with said B. M. and N. C. Amsden, that on or about the time the track of their road shall be laid to the village of Manchester, they will cause a switch to be put in said track near the crossing of the line of Wayne street in said village, and 250 feet of side track to be laid on the north side of the main track, and will allow said B. M. and N. C. Amsden to build upon and use the said side track for warehouse purposes, and also to continue said side track at their own expense to the crossing of Tama street; and said company further agree, that they will regularly run their cars to any warehouse that may be built on said side track for the purpose of receiving or discharging any freight that may be shipped to and from said place by car load; said side track may be built of T rail or strap rail, and the parties building the same are to keep the respective portions in repair. Done in Dubuque, Iowa, this 26th of January, 1859, under the hands of the president and secretary and corporate seal of said company, and the hand of said B. M. and N. C. Amsden .

"J. P. FARLY, *President*.
"JAMES M. McKINLAY, *Secretary*.
"B. M. AND N. C. AMSDEN."

Plaintiffs pray judgment for $3,500.

The defendant answers: 1st. In general denial; 2d. That, at the January term, 1861, of the city court of the city of Dubuque, plaintiffs commenced an action against said defendant, in which plaintiffs claimed damages of defendants for not performing the identical promises and un dertakings alleged in the petition herein; that judgment in said cause was afterward rendered in favor of defendant,

which said judgment was, on appeal to the supreme court, affirmed; 3d. That the contract of the Dubuque and Pacific Railway Company, above referred to, was in full payment and satisfaction for the borrow land, and was so received by the plaintiffs.

The record in the cause pleaded as a prior adjudication shows that the gist of that action was the refusal of the defendant, on or about the 20th day of October, 1860, to run its cars to the warehouse of plaintiffs and receive a car load of freight of which plaintiffs were possessed, and which they held ready for shipment, and which they were compelled to convey by teams to the depot of defendant. The answer denied that, under the conveyance of the Dubuque and Pacific Railway Company to defendant, defendant became liable to run its cars to the warehouse of plaintiffs for freight. The judgment of the court was that plaintiffs were not entitled to hold the defendant to specifically perform the contract set forth in the petition, as one that was entered into by the Dubuque and Pacific Railway Company. This judgment was afterward affirmed in the supreme court.

Upon this trial judgment was rendered for plaintiffs for $3,500. Defendant appeals.

*Crane & Rood* for the appellant, to the point that the contract was entire and indivisible, cited *Fish* v. *Folley*, 6 Hill, 54; *Royalton* v. *Turnpike*, 14 Vt. 311; *Shaffer* v. *Lee*, 8 Barb. 412; *Booge* v. *Railroad*, 33 Mo. 212; *Canal Co.* v. *Gordon*, 6 Wall. 569; *Tyson* v. *Doe*, 15 Vt. 571; *Withers* v. *Reynolds*, 2 B. and A. 882; *Lantry* v. *Parks*, 8 Cow. 63; *Colburn* v. *Woodworth*, 31 Barb. 381; *Town of Marlborough* v. *Sisson*, 31 Conn. 332; *Larkin* v. *Buck*, 11 Ohio St. 561; *Stern* v. *Steamboat*, 17 id. 475, and cases cited; *Byndernagle* v. *Cocks*, 19 Wend. 207; *Sweeny* v. *Dougherty*, 23 Iowa, 294; *Starr* v. *Litchfield*, 40 Barb. 541; *Hochster* v. *De La Tour*, 2 Ell. and B. 678; *Planche*

v. *Colburn*, 8 Bing. 14; *Cutter* v. *Powell*, 2 Smith's Lead. Cas. 22; *Buford* v. *Frink*, 4 Greene, 498.

*Shubael P. Adams, W. Chandler*, and *H. B. Fouke* for the appellee.

DAY, Ch. J.—I. The defendant assigns fifteen errors, but relies mainly upon those touching the rulings of the FORMER court with reference to the plea of former ADJUDICA-TION: identity adjudication. The court overruled the de-of causes of action. fendant's motion that the court direct the jury to find a verdict for the defendant, on the ground that "there has been a former adjudication, between the parties to this action, of the same subject-matter and controversy involved in this action;" and also refused to instruct the jury, at the instance of defendant, that "prior to the commencement of this action, the plaintiffs had sued the defendant upon the contract upon which this action is founded, for and on account of the same breaches thereof which are alleged in plaintiffs' petition, and a judgment was rendered and affirmed on appeal in said first action; hence there has been a former adjudication of the subject-matter and issues involved in this action, which bars plaintiffs' right to recover in this action, and your verdict must be for defendant." These rulings of the court are respectively assigned as error. They are clearly correct. The identity of the causes of action is a question of fact, to be determined by the jury upon the evidence adduced. 1 Greenl. on Ev. 532. It is not the province of the court to withdraw such question from the jury, by an instruction or upon motion of a party.

II. It is claimed that the evidence shows that the present action is brought to recover damages for the same 2. —— actions breach of the contract for which the former against rail-roads: con-tract. action was brought. We think differently. The former action was instituted to recover damages for a refusal to run a train upon the side track

and transport a car load of freight then in possession of plaintiffs. It appeared from the evidence that the defendant had locked the switch, but the testimony further showed that the locking was intended to be only temporary, and was not with a view to the final abandonment of the switch. This evidence was merely incidental to the main issue, the liability of defendant for damages for refusing to run upon the side track for a car load of freight. The agreement of the Dubuque and Pacific Railway Company with plaintiffs contains two distinct and separate undertakings upon the part of said company: first, said company agrees to put in a switch near the crossing of the line of Wayne street, to build 250 feet of side track on the north side of the main track, and to keep the same in repair; second, it agrees to regularly run its cars to any warehouse that may be built on said side track, for the purpose of receiving or discharging freight. It was for an alleged breach of the latter undertaking that the former suit was instituted. The defendant answered that, under the conveyance of the Dubuque and Pacific Railway Company to it, it did not become liable to run its cars upon this side track.

This issue was determined in favor of defendant; but it by no means follows that the determination of this issue also settled that the defendant was under no obligation to keep and continue the switch and side track already constructed. This question was not involved in the former issue, and it was not determined, and could not properly have been determined, in that trial. An examination of the answer of defendant shows that it did not intend to raise any question as to its liability to keep and maintain the side track. The answer avers that: "As appears by the records of the Dubuque and Pacific Railway Company, the sum of $250 was the estimated damage done to certain land of the plaintiffs outside of the 100 feet right of way, and was also the estimated

expense of 250 feet of side track proposed to be put in for the making of a switch for the plaintiffs; and avers that the said sum of $250 was a grossly inadequate consideration for any contract such as the plaintiffs attempt to make out as the true meaning of the contract." The difficulty which led to the other action originated in a controversy between plaintiffs and defendant, as to whose duty it was to take proper care of cars standing on the side track. Some of these cars had been allowed to stand too near the main track, and had caused an injury to a passing train. Defendant claimed it was plaintiff's duty to see that these cars were not allowed to infringe upon the main track, and plaintiff claims that this obligation rested upon defendant.

It was in consequence of this controversy that the switch was temporarily locked, and the defendant refused to come upon the side track for the freight. Defendant introduces into his answer an argument why the construction sought to be placed upon the contract by plaintiff is not the proper one. It is the alleged fact that the consideration is grossly inadequate for such a contract. Defendant admits that the Dubuque & Pacific Railway Company received an adequate consideration for constructing the switch and side track. How could it then, having succeeded to the rights of said company, claim the right to discontinue or remove said side track and road-bed. The obligation to continue the side track might well subsist and be of value to plaintiff, without any obligation upon the part of defendant to run trains upon it for freight. Having the switch and the defendant's obligation to maintain it, the plaintiffs might be able to procure an agreement from defendant to discharge and receive freight upon it, for a much less sum than they could convey their freight by teams to the next station, alleged in the answer of defendant to be one and one-third miles distant. The question involved in this controversy was not, in our opinion, presented in the for-

mer action, and the verdict of the jury upon this branch of the case is fully sustained by the evidence.

III. It is claimed that the court erred in giving the second, third, fourth and fifth paragraphs of the charge to the jury, and in refusing to give the fifth, sixth, seventh and eighth instructions asked by the defendant. The instructions given embody in various forms the doctrine that the adjudication of an action brought to recover damages for a refusal to receive a car load of freight would not be a bar to an action for damages for a subsequent total abandonment of the side track, unless the refusal was a final abandonment by the defendant of the contract, and that fact was known to the plaintiff at the time of commencement of the former action, and that it is for the jury to determine whether such refusal was a temporary or final abandonment. These instructions fully harmonize with the views expressed in this opinion, and are as favorable to the defendant as the facts warrant. The instructions asked by defendant, embodying the opposite doctrine, were properly refused.

IV. The defendant assigns error upon the refusal of the court to give the following instruction: "The receipt executed by the plaintiffs to the Dubuque and Pacific Railroad Company, dated January 26, 1859, and introduced in evidence by the defendant, shows upon its face that the contract sued on in this action was received by the plaintiff in full payment and satisfaction for the borrow land mentioned in plaintiffs' petition : and, therefore, your verdict must be for defendant." This instruction was properly refused. Conceding that the receipt shows all that is claimed, it does not exonerate the Dubuque and Pacific Railway Company nor any one assuming its obligations from liability for damages for a refusal to perform the conditions of the contract.

V. It is claimed, lastly, that the verdict of the jury is excessive. The evidence shows that plaintiff owned seven

lots abutting the side track and its contemplated extension. The estimated value of these lots with the side track varies from $2,450 to $4,900. Their highest value without the side track is placed at $400. The verdict is for $3,500, and is supported by the evidence. The foregoing view disposes of the errors insisted on in the argument. We discover nothing in the record demanding a reversal of the cause.

Affirmed.