## LYONS *v.* MUNSON.

1. The ruling in *Orleans* v. *Platt* (*supra*, p. 676) as to the jurisdiction of the county judge in New York to decide upon the application made to him by the tax-payers of a town for an order that its bonds be issued to enable it to subscribe and pay for shares of the capital stock of a railroad company in that State, reaffirmed and applied to this case.
2. His judgment in favor of the subscription cannot be collaterally attacked in a suit on the bonds, brought by a *bona fide* holder for value of them against the town, and where it is recited in them, the town is estopped from denying their validity.

ERROR to the Circuit Court of the United States for the Northern District of New York.

This was an action brought by Edgar Munson upon three hundred and eighty-seven coupons or interest warrants originally attached to one hundred and twenty-nine bonds issued by the town of Lyons, Wayne County, New York, for $1,000 each, in payment of its subscription to the Sodus Bay, Corning, and New York Railroad Company, a corporation of that State, being the coupons for interest due respectively Oct. 1, 1872, and April 1 and Oct. 1, 1873, each for the sum of $35, payable to bearer at the Central National Bank of the city of New York.

Each bond bears date May 17, 1872, and recites that it was "issued under the authority contained in chapter nine hundred and seven of the laws of 1869 of that State, and the amendments thereto, and under and pursuant to a judgment and determination of the county judge of Wayne County, dated May 17, 1872, duly rendered and entered of record under and pursuant to a petition of the tax-payers of said town, praying that said town issue its bonds to the amount of $150,000, and invest the same in the capital stock of that company; and at the foot of each of them is the following certificate, viz.: —

"WAYNE COUNTY, ss. : — Registered in the county clerk's office.
"In witness whereof, the clerk of Wayne County has hereto set his hand and affixed his seal of office.

[L. S.]                      "ALFRED F. REDFIELD, *Clerk.*"

The defence relied on was that the plaintiff was not a *bona fide* holder of the coupons for value, and that the petition pre-

sented to the county judge was rendered illegal and void by containing a condition, in these words : " Provided that the terminus of said road is made at Nicholas Point, on Sodus Bay, in the town of Huron ; " and a qualifying clause, in these words : " It is understood that the stock so to be taken is to embrace and include the stock now already subscribed and taken by persons residing in the said town of Lyons, amounting to the sum of $16,400 ; " and that by reason of the insufficiency and illegality of the petition, the county judge had no authority or jurisdiction to render the judgment mentioned in the bonds, and that the same are void.

The jury, under the direction of the court, returned a verdict for the amount of the coupons, with interest. The questions of law were reserved for consideration upon the motion of the plaintiff for judgment on the verdict. After argument, judgment was rendered in his favor.

The defendant thereupon sued out this writ.

*Mr. H. L. Comstock* for the plaintiff in error.

*Mr. W. F. Cogswell, contra.*

Mr. Justice Swayne delivered the opinion of the court.

All the questions presented for our consideration by this record relate to the validity of bonds issued by the town of Lyons in payment for railroad stock subscribed by its proper authorities.

Propositions covering the entire ground of the controversy between the parties have been so frequently decided by this court that any extended examination of the case is unnecessary. *Orleans* v. *Platt (supra,* p. 676), our last adjudication of this class, is conclusive in favor of affirming the judgment of the Circuit Court.

The county judge unquestionably had jurisdiction to decide upon the application made by the tax-payers. His judgment until reversed was final. If there were errors, the proceedings should have been brought before a higher court for review by a writ of *certiorari,* and if need be, the issuing and circulation of the bonds should have been enjoined, subject to the final result of the litigation. The judgment rendered can no more be collaterally attacked in this case than could any other judg-

ment of a court of competent jurisdiction rendered with the parties, as in this case, properly before it. The recital in the bonds sets forth the judgment of the county judge, that it was duly rendered, that the bonds were issued pursuant to the statutes referred to, for the object specified in the petition of the tax-payers, and by persons properly appointed and charged by law with the duty of subscribing for the stock and issuing the bonds to pay for it.

The sufficiency of the statutory authority under which the proceedings were had is not denied.

Under such circumstances the recital is an estoppel. A *bona fide* holder of the bonds was not bound to look further, and the obligor cannot go behind it. *Orleans* v. *Platt, supra; Lynde* v. *The County,* 16 Wall. 6; *Mercer County* v. *Hacket,* 1 Wall. 83; *Commissioners of Knox County* v. *Aspinwall,* 21 How. 539; *Township of Rock Creek* v. *Strong,* 96 U. S. 271.

The learned judge below in his charge to the jury well remarked : " To imply the intent that such obligations after they are negotiated shall be vulnerable to the objections here urged, would be to impute bad faith to the authors of such legislation towards those who are to˙ be induced to invest in such bonds."

*Judgment affirmed.*