## HEMPSTEAD v. THE CITY OF DES MOINES.

| 52 303|
|111 431|

1. **Municipal Corporations:** CHANGE OF GRADE: INJURY TO PROPERTY. Under section 469 of the Code a city is liable in damages for injury caused by changing the established grade of streets to adjoining property improved with reference to the former grade, whether the injury is direct, and caused by the negligence of the city, or consists of a general depreciation in value in consequence of the change.

2. ——: ——: ——: MEASURE OF DAMAGES. The measure of damages is the diminution in value of the entire realty, and is not limited to the injury to improvements alone.

3. ——: ——: ——: REMEDY. Where the city council establishes a new grade, but annuls the appraisement of damages made under the statute, a property owner may maintain an action against the city to recover for the injury to his property.

4. **Instruction:** PROVINCE OF COURT: INTERPRETATION OF RECORD. Where the record in another action, between the same parties, was introduced in evidence and the claim made that the issues in the two actions were identical, *held* that the court properly interpreted the record and instructed the jury as to the issues involved, and the facts shown thereby.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 28.

ACTION to recover for injuries to certain real estate, caused by the city changing the grade and excavating the streets upon which the property is situated. There was a verdict and judgment for plaintiff in the sum of $2,000. Defendant appeals.

*Bryan & Bryan,* for appellant.

*Nourse, Kauffman & Co.,* for appellee.

BECK, CH. J.—I. The petition alleges that plaintiff has owned the property in question, lots 9, 10, 11 and 12, block 5, Scott's addition to the city of Des Moines, since November 11th, 1874; that in 1857 the defendant established the grade of Walnut and Ninth streets, adjacent to the lots, and re-established the same grade in 1861; that in 1876 defendant changed the grade of those streets so that they would be excavated

below the original grade from three to six feet; that the streets. were cut down to the grade established in 1876; that after the grade was first established, and before the change in 1876, the property had been improved and large expenditures of money made for that purpose, and that defendant did not have the damages assessed, as required by law, nor pay or tender to plaintiff such damages, before the streets were cut down. The plaintiff filed an amended petition alleging that in a certain action in chancery, wherein the parties were the same as in this action, it was adjudged and decreed that the property had been improved with a view to a previously established grade, and that no excavation of the street could be made until, under proceedings authorized by the statute, the damages resulting therefrom should be assessed and paid. The answer of defendant denies the allegations of the petition.

II. The case can be more briefly and satisfactorily dis-

1. MUNICIPAL posed of by considering the objections made by corporations: change of defendant's counsel in the order they were pre-grade: injury to property. sented in their argument. We will, therefore, pursue that course in this opinion.

It is first insisted that plaintiff is not entitled to recover, however much the value of property may be depreciated by the change of grade, unless the city, by negligence in making the change, caused *direct* injury to the property. It may be that this rule prevails in the absence of statute. But Code, section 469, provides that where an established grade is altered " in such manner as to injure or diminish the value of property," the city shall pay the owner the damages, to be assessed in the manner prescribed. The city is made liable not only for injury to the property, but for damages resulting from the value of the property being diminished. The court below properly held that plaintiff is entitled to recover for the diminution of the actual value of the property caused by excavating the streets.

III. The statute under which plaintiff claims to recover, Code, section 469, provides as follows:

" When any city or town shall have established the grade of any street or alley, and any person shall have built or made

any improvements on such street or alley, according to the established grade thereof, and such city or town shall alter said established grade in such a manner as to injure or diminish the value of said property, said city or town shall pay the owner or owners of said property, so injured, the amount of such damage or injury."

Counsel for defendants insist:

" 1st.   That the improvements [contemplated in the provision] must be made after the grade was established.

" 2d.   They must be made according to the grade.

" 3d.   The improvements must be made on the street.

" 4th.   The injury must be done to such improvements and not to the lots on which they are situated."

IV.   In reply to these points, we say:

It may be admitted that improvements must be made after the grade is first established and in accordance therewith.  But it cannot be admitted that no other improvements are to be considered in estimating the injury. *Improvements* become part of the realty, a part of the whole property.  The statute authorizes recovery for the diminution of the value of the property.  The realty, the whole property, including improvements, buildings, etc., made before and after the grade was established, must be considered in estimating the damages.  The plaintiff, when he made improvements after the grade was established, doubtless relied upon its continuance, and was induced thereby to expend money in improving his house built before the grade was established.  The improvement became part of the realty; the statute provides that he shall recover for the diminution of the value of realty.  See *Dalzell v. City of Davenport*, 12 Iowa, 437.

V.   It is said the improvement must be made *on* the street. The statute evidently contemplates improvements upon lots which are situated on the street.  The particle *on*, when used to designate a place, means at, near, adjacent to.  This is obviously its import as used in the language of the statute under consideration.

VI.   As we have just remarked, the improvements became

a part of the realty, and under the statute plaintiff may recover for injuries to the whole property. This interpretation is obvious, and has been adopted by this court in construing a statute almost identical in language with this one now under consideration. *Dalzell v. City of Davenport*, 12 Iowa, 437.

VII. Counsel for defendant insist that plaintiff must pursue the remedy provided by Code, section 469, and can have 3. ——: ——: no other. The proceeding provided for by this ——. rem-edy. section is an assessment or appraisement of damages. When such an assessment is made the city council has the power to annul the same, and it is provided, " if annulled, all the proceedings shall be void." No appeal is allowed from such action. In case the proceedings are annulled, the property owner cannot recover on the assessment. If the city proceeds to change the grade of the street, the property holder, under the rule contended for by counsel, would have no remedy.

In the case at bar the city did annul the assessment. The grade had been changed and the excavation made. The statute cannot be so intepreted that it will permit the city to escape from the payment of damages by annulling the assessment. The rights of the plaintiff were not affected thereby and he can recover in this action.

VIII. The plaintiff introduced in evidence the record of the chancery suit pleaded in his amended petition. The court 4. INSTRUC- instructed the jury that the record established TION: prov-ince of court: these facts: 1. The grade of the street had been record. established previous to the ordinance of the city changing it. 2. Between the time of establishing the grade and the change thereof, improvements had been made upon the property with a view to the grade. 3. The change of the grade would diminish the value of plaintiff's property.

It is insisted by the defendant that the instruction is erroneous, in that it was the province of the jury to determine the identity of the issues of that case and this. The objection is not well taken. It was the province of the court to determine what issues are involved in each case, and what matter was decided in the chancery action. Records of this kind must

be interpreted by the court, and the jury are to be informed in that way of their effect. The court below correctly interpreted the record and truly informed the jury what facts were established by it. The instruction proceeds to state that upon these facts, and others admitted in open court, the plaintiff had no right to cut down the grade. The case is distinguishable from *Amsden v. The D. & S. C. R. Co.*, 32 Iowa, 288; in that case the court refused an instruction stating to the jury the facts established by the record and did not pass upon the question of the identity of the issues of the two actions.

It is proper to say that we think the court correctly interpreted the record, which in our opinion establishes the facts stated by the court in the instructions.

IX. It is insisted that the damages are excessive. The testimony upon this branch of the case is conflicting. We are not authorized to say that the amount of the verdict is not warranted by the fair preponderance of the proof.

We have considered all questions urged in the argument of counsel, and reach the conclusion that the judgment of the court below is without error. It is, therefore,

AFFIRMED.