## COWDREY v. TOWN OF CANEADEA.

*(Circuit Court, N. D. New York. June 1, 1883.)*

1. MUNICIPAL BONDS—EXECUTION BY AGENTS.

    Purchasers of municipal bonds executed by agents must ascertain at their peril that the delegated authority assumed has been conferred.

2. SAME—POWERS OF MAJORITY OF TAX-PAYERS.

    The authority of a majority of the tax-payers of a town to incumber the property of a minority against·their will in aid of a railroad or other corporation, receives no countenance from the principles of the common law. Every step, therefore, required by the statute authorizing such aid must be in strict conformity therewith.

3. SAME—EXERCISE BY COURT OR OFFICER OF SPECIAL STATUTORY POWER.

    When a court or judicial officer exercises a special statutory power outside the scope of the usual jurisdiction of courts of general powers, the record of the proceedings must show that the statutory authority has been pursued.

4. SAME—BONDS OF TOWN OF CANEADEA VOID.

    As in this case the proceedings were instituted, conducted, and completed according to the provisions of the original act of 1869, c. 917, and in disregard of the essential modifications introduced by chapter 925 of the amending act of 1871, the appointment by the county judge of the commissioners who issued the bonds in suit was a nullity, and such bonds are void.

5. SAME—PAYMENT OF INTEREST—WHEN A RATIFICATION.

    The rule that where bonds have been irregularily issued by the agents of a municipal corporation the payment of interest on them for several years will amount to a ratification by the muncipality, although the interest was raised by taxation, has no application to cases where there is a total want of authority on the part of the municipality to issue the obligations.

At Law.

*Isaac S. Newton,* for plaintiff.

*Hamilton Ward,* for defendant.

WALLACE, J. If the defendant was never authorized to create its bonds, and the commissioners who issued them were not the agents of the defendants for that purpose, the plaintiff cannot recover upon the coupons in suit. Purchasers of municipal bonds, executed by agents, must ascertain at their peril that the delegated authority assumed has been conferred. The commissioners here were appointed by the county judge of Allegany county, in a proceeding in which he was exercising a special statutory jurisdiction, by virtue of chapter 917 of the Laws of 1869, as amended by chapter 925 of the Laws of 1871. These acts authorizing municipal corporations to aid in the construction of railroads, delegate to a portion of the tax-payers of a municipality the power to create a debt against the consent of other tax-payers, and subject the property of all to taxation for its payment.

The special character of the jurisdiction exercised by the county judge, and the nature of the power invoked by the tax-payers who set the proceeding in motion, both require that the proceeding be strictly pursued. The authority of a majority of the tax-payers of a town to incumber the property of a minority, against their will, in aid of a railroad or other corporation, receives no countenance from the principles of the common law. Every step, therefore, required by the statute must be in strict conformity therewith. *People* v. *Hulburt*, 46 N. Y. 110. The rule is also inflexible that when a court or judicial officer exercises a special statutory power outside the scope of the usual jurisdiction of courts of general powers, the record of the proceedings must show that the statutory authority has been pursued; and in this regard the proceedings are on the same footing with those of courts of limited and inferior jurisdiction. *Denning* v. *Corwin*, 11 Wend. 647; *Thatcher* v. *Powell*, 6 Wheat. 119; *Dyckman* v. *New York*, 5 N. Y. 434; *Betts* v. *Bagley*, 12 Pick. 572; *Town of Huntington* v. *Town of Charlotte*, 15 Vt. 46; *Morse* v. *Presby*, 25 N. H. 299.

The application of these principles to the case in hand is fatal to the validity of the proceedings in question. It is apparent from the record, beginning with the petition and ending with the adjudication and appointment of the commissioners by the county judge, that the proceeding was initiated, conducted, and completed according to the provisions of the original act of 1869, and in disregard of the essential modifications introduced by the act of 1871. The act of 1871 altered the quorum of tax-payers whose consent was indispensable to the creation of the debt. As is stated in the opinion of the court in *People* v. *Smith*, 55 N. Y. 135, "the object of the amendment was to prevent the creation of a debt for railroad purposes unless a majority of the tax-payers having a substantial pecuniary interest in the question should assent to it. This record shows that the county judge was not called on to inquire, and did not assume to adjudicate, whether the requisite quorum under the existing law had petitioned for or consented to the creation of the bonds in aid of the railroad. As the law stood when the proceeding was commenced, it was his province to entertain and decide the question whether a majority of tax-payers of a designated class desired that the town should create and issue its bonds. If he had assumed to decide that such a majority did desire the creation of the debt, then it might be important to inquire whether he acquired jurisdiction of the proceeding upon such a petition as was presented to him. As it is, the petition is mainly important for the purpose of interpretation and construction; as, when read in connec-

tion with his adjudication, it removes any doubt which possibly might have existed otherwise as to the meaning and scope of the adjudication. Any person reading the record could not fail to understand that the county judge had not assumed to decide that there was a majority of consenting tax-payers under the existing statute. If he had recited in his adjudication that a minority of tax-payers desired the town to create and issue its bonds, that recital would have been as effectual as those which the adjudication contains when read in connection with the petition. As he did not adjudicate that the requisite quorum of tax-payers had consented to the creation of the debt, his order appointing commissioners to create and issue the bonds was a nullity.

If the bonds had been irregularly issued by the agents of the defendant, within the doctrine declared in several adjudications, which are controlling in this court, the payment of interest upon them for several years would amount to a ratification by the town, although the interest was raised by taxation. But this doctrine is not applied in cases where there is a total want of authority on the part of the town to issue the obligations. *Parkersburgh* v. *Brown*, 106 U. S. 487; [S. C. 1 Sup. Ct. Rep. 442;] *Thomas* v. *Town of Lansing*, 14 FED. REP. 618.

Judgment is ordered for the defendant.