CLARKE v. TOWN OF NORTHAMPTON.

(Circuit Court, N. D. New York. December 18, 1900.)

No. 3,346.

MUNICIPAL BONDS—ESTOPPEL TO CONTEST VALIDITY—JURISDICTIONAL DEFECTS.
   Where it has been authoritatively determined by the courts that certain averments required by the statute in a petition presented to a county judge as the basis of proceedings authorizing the issuance of municipal bonds are jurisdictional, and that their omission renders all subsequent proceedings void, bonds issued in pursuance of proceedings based on a petition which does not contain such averments cannot be validated by estoppel, and the municipality may plead their illegality as against any holder, notwithstanding it continued to pay interest thereon for 20 years.

Action at Law. Tried by the court, a jury having been waived by written stipulation.

William C. Mills, F. B. Tiffany, and H. J. Cookinham, for plaintiff.
Fred L. Carroll, Robert P. Anibal, and Andrew J. Nellis, for defendant.

COXE, District Judge. This is an action to recover $2,912, with interest, upon coupons cut from bonds, purporting to be issued by the

defendant in the year 1872. The petition presented to the county judge stated that the petitioners were a majority of the taxpayers of the town of Northampton, but omitted the language of the act of 1871—"not including those taxed for dogs or highway tax only."

The case of Rich v. Town of Mentz, 134 U. S. 632, 10 Sup. Ct. 610, 33 L. Ed. 1074, is authority for the proposition that this omission renders the entire proceeding coram non judice, null and void. It matters not that in fact no one taxed only for dogs and highways appears upon the petition, it matters not that the county judge has expressly adjudged that the petitioners are a majority of the taxpayers exclusive of the prohibited class, the omission of the negative averment from the petition, which is the foundation of the whole bonding proceeding, renders all subsequent proceedings nugatory.

In Town of Mentz v. Cook, 108 N. Y. 504, 15 N. E. 541, which was quoted and approved by the supreme court, the court of appeals of this state say regarding the omission of the words quoted from the petition: "The fatal character of the defect has been so adjudged in this court as to end further discussion." And, again, "The defect, therefore, was fatal, and the special term correctly decided that bonds were invalid."

There is nothing in any of these decisions to indicate that a finding in the judgment can be regarded as curing this jurisdictional defect in the petition. The entire argument against the validity of the bonds proceeds upon the theory that in order to give the county judge jurisdiction the averment as to dogs, etc., must appear in the petition and if omitted the proceeding is void ab initio. If the judge never obtained jurisdiction for any purpose he could not create jurisdiction by his decree. Counsel may, perhaps, be permitted to doubt the logic of the Mentz Case, but not the point decided.

But it is argued that the defendant by reason of its inexcusable laches and the ratification of the acts of its agents is now estopped from asserting the invalidity of the bonds. The bonds were issued July 1, 1872, and the semiannual interest was paid regularly until January 1, 1893, a period of 20 years. During this period the county judge, the three commissioners and almost all of the persons actively engaged in the bonding proceedings have died. The petition presented to the county judge has been lost and resort has been had to oral testimony to verify the copy which has been used to supply the omission. The judgment of the county judge is still in existence and finds specifically that the petitioners are a majority of the taxpayers of the town "not including those taxed for dogs or highway tax only."

The argument is entitled to great weight that in these circumstances the town should not be permitted at this late day to take advantage of the omission of the quoted words from the petition, and that a bona fide holder of municipal bonds should not be required to go beyond the judgment of the appointing tribunal. These general provisions seem to be sustained by a long line of authorities in the federal courts, among the more recent being the following: Town of Andes v. Ely, 158 U. S. 313, 15 Sup. Ct. 954, 39 L. Ed. 996; Town of Orleans v. Platt, 99 U. S. 676, 25 L. Ed. 404; Lyons v. Munson, 99 U. S. 684, 25 L. Ed. 451; City of Evansville v. Dennett, 161

U. S. 434, 16 Sup. Ct. 613, 40 L. Ed. 760; Association v. Perry, 156 U. S. 692, 711, 15 Sup. Ct. 547, 39 L. Ed. 585; Whiting v. Town of Potter (C. C.) 2 Fed. 517; Hughes Co. v. Livingston (C. C. A.) 104 Fed. 306; Ray Co. v. Vansycle, 96 U. S. 675, 24 L. Ed. 800; Commissioners v. Beal, 113 U. S. 227, 5 Sup. Ct. 433, 28 L. Ed. 966; Clapp v. Otoe Co. (C. C. A.) 104 Fed. 473. These authorities, and many more that might be quoted, appear to establish the proposition that the defendant should not be permitted to take advantage, nearly 30 years after the event, of the omission now relied on, but here again the decision in the Mentz Case stands directly across the plaintiff's path to recovery. The only difference between the two cases is that in the Mentz Case interest was paid for a shorter period. The court say: "As on the face of these proceedings there was an entire want of power to issue the bonds, no reference to the doctrine of estoppel need be made." In Cowdrey v. Town of Caneadea (C. C.) 16 Fed. 532, which preceded the Mentz Case and involved the same question, the court, speaking of the plaintiff's contention that the payment of interest on the bonds amounted to a ratification by the town, said: "But this doctrine is not applied in cases where there is a total want of authority on the part of the town to issue the obligations." The law being thus established it is clearly the duty of this court to follow it faithfully and loyally. With every inclination to distinguish the case at bar from Rich v. Town of Mentz the court has been unable to do so. It follows that the complaint must be dismissed.