COUNTY GAS CO. v. TEMPLETON.
(No. 7551.)

(Court of Civil Appeals of Texas. Dallas.
May 6, 1916.)

Gas ⬤⟿9—Main Extension—Contract "on'
Extension.

Under a contract by a gas company that it would repay to a consumer on the cost of a main extension partly paid for by him $55 for each new consumer obtained "on said extension" within one year, the consumer so contracting is not entitled to any refund for new gas consumers whose residences are not on the street in which the extension is laid nor connected directly with the extension, but are on a street a block distant and served by another extension, although the second extension crossed and is connected with the first.

[Ed. Note.—For other cases, see Gas, Cent. Dig. § 3; Dec. Dig. ⬤⟿9.

For other definitions, see Words and Phrases, First and Second Series, On.]

Appeal from Dallas County Court; T. A. Work, Judge.

Action by H. G. Templeton against the County Gas Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Smith, Robertson & Robertson, of Dallas, for appellant. W. W. Hagebush and Wood & Wood, all of Dallas, for appellee.

TALBOT, J. This suit was originally instituted by the appellee against the appellant in the justice court of Dallas county to recover the sum of $165 upon a contract in writing. From a judgment in favor of the appellee in that court, the appellant appealed to the county court of Dallas county at law, where judgment was again rendered in favor of appellee, and the appellant appealed to this court.

The pleading of the appellee, Templeton, in the justice court and in the county court at law was in the form of an account as follows:

"County Gas Company to H. G. Templeton, debtor .......................$165.00

"Amount due under contract executed between County Gas Co., by H. C. Morris, its general manager, and H. G. Templeton, September 4, 1913. For three extensions to 4 in. gas main on Tremont street, Dallas county, Texas.

"W. W. Hagebush, Attorney for Plaintiff."

The contract referred to in the account and upon which the suit is founded is as follows:

"This agreement witnesseth that County Gas Company (hereinafter called 'Company') and H. G. Templeton of Dallas, Texas (hereinafter called 'Applicant') in consideration of these premises and of other valuable consideration hereby acknowledged agree as follows:

"(1) That Company (regardless of its franchises or other requirements relating to extensions) will, with all reasonable expedition, extend its 4 in. gas main on Tremont street from its present terminus near Fulton street to Russell avenue, a distance of 1,658 ft., at 55 cents per foot and amounting to $911.90, and will make an allowance for 800 ft., amounting to $440, when eight (8) residences along proposed

extension signify their intention of using gas by signing the Company's meter application, leaving a balance of $471.90, to be paid by Applicant (see Exhibit A attached).

"(2) The Applicant will pay to Company in advance of construction work, without claim or. repayment except as provided for in paragraph (3) 55 cents per foot for the remaining 4 in. pipe.

"(3) For each bona gas consumer obtained on said extension within a period of one year from date of completion thereof who shall in writing agree to use gas for not less than one year, the Company will refund to Applicant a sum equal to the average cost of one hundred (100) lineal feet of said extension, provided the aggregate of such refunds shall not exceed the amount paid by Applicant for said extension.

"(4) It is expressly agreed that title to said extension including its pipes and appurtenances with additions thereto and extensions thereof, together with the right to use and maintain the same, shall be and remain exclusively and unconditionally in Company.

"Dated and executed at Dallas, Texas, this 4th day of September, 1913.
"County Gas Company,
"By H. C. Morris, Gen. Mgr.
"H. G. Templeton, Applicant."

The appellant in an answer in writing admitted the execution of the contract sued on, but denied that it was liable to appellee in any sum. It alleged, in substance, that by paragraph 3 of the contract in question appellee was only entitled to refunds for bona fide gas consumers obtained for the extension of its 4-inch gas pipe on Tremont street, that in this suit appellee is seeking to recover refunds for consumers on other streets, and on mains of appellant other than the main on Tremont street, and that under the contract sued on appellee is not entitled to any such refunds. The case was tried upon the following agreed statement of facts:

"(1) That the contract in writing herein sued on and attached hereto is the original contract executed by and between the parties to this suit and was drafted and written by County Gas Company.

"(2) That paragraphs 1 and 2 of said contract have been fully performed and executed by both parties to said contract as provided for in said paragraphs.

"(3) That within a period of one year from the date of the completion of the extension of the gas main provided for in paragraph 1 of said contract, four bona fide gas consumers were obtained on Tremont street, along said extension, who agreed in writing to use gas for not less than one year, and that the sum of $55 for each of the said four consumers was refunded to plaintiff as provided for in paragraph 3 of said contract.

"(4) That within a period of one year from the date of the completion of the extension of the gas main provided for in paragraph 1 of said contract, three bona fide gas consumers as hereinafter set out were obtained who agreed in writing to use gas not less than one year; that the three consumers last above mentioned were D. Sonnentheil, residing on the northwest corner of Worth and Ridgeway streets, one block northwest of Tremont street, his residence facing Worth street, J. T. Stacey, residing on the northeast corner of Victor and Ridgeway streets, one block southeast of Tremont street, his residence facing Victor street, and H. P. Eller, residing on the southwest corner of Victor and Ridgeway streets, his residence facing

Victor street, one block east of Tremont street; that the gas service pipes running to these three residences were not connected direct with the extension on Tremont street, but were connected to a 6-inch main laid on Ridgeway street direct from the rear of said residences for that purpose, which tapped and crossed the extension heretofore mentioned at the corner of Tremont and Ridgeway streets, extending 288 feet in the direction of Worth street and 248 feet in the direction of Victor street; that the flow of gas into this main and into three residences mentioned was obtained from the extension on Tremont street; and that defendant has refused to refund to plaintiff any sum on account of the connections to these three consumers.

"(5) The 6-inch main on Ridgeway street was constructed by County Gas Company at a cost of $428.80, no part of which cost was paid or advanced by plaintiff.

"(6) It is further agreed that the attached map marked Exhibit B correctly shows the location of the mains, distances, streets, and residences above referred to in this statement."

The map referred to in the statement of facts shows by indorsements thereon that the 6-inch main laid in Ridgeway street, and which tapped and crossed at right angles the main laid in Tremont street at the corner of said streets, was laid several months after the completion of the extension of the 4-inch main along Tremont street.

Appellant, by appropriate assignment of error, contends that the trial court erred in entering judgment for the appellee for the reason that the uncontroverted evidence shows that appellee is not entitled to any recovery herein; that said judgment is wholly unsupported by the evidence introduced on the trial of the cause. The contract entered into between the appellant and appellee provided that appellant would extend its 4-inch gas main on Tremont street, running almost east and west, from its terminus near Fulton street to Russell avenue, a distance of 1,658 feet, and that for each bona fide gas consumer obtained by appellee "on said extension" within the period of one year from date of completion thereof, who should in writing agree to use gas for not less than one year, the appellant would refund to appellee a sum equal to the average cost of 100 lineal feet of said extension. The property of the consumers, D. Sonnentheil, H. P. Eller, and J. T. Stacey, mentioned in the evidence, did not abut on Tremont street, but on other and different streets, and the question is whether or not these parties are to be considered as consumers "on" the extension provided for in the contract between appellant and appellee. The appellant admits that if they are such consumers the judgment of the court below should be affirmed, but insists that if they are not such consumers as would fall within the provisions of said contract, then the case should be reversed and judgment rendered in this court for appellant.

We are of opinion that under no proper rule of construction can it be held that D. Sonnentheil, H. P. Eller, and J. T. Stacey are such consumers of gas as come within the terms of the contract sued on. It does not appear by the language of the contract itself or by any other evidence in the case that in the execution of said contract the parties contemplated that persons other than those whose residences abutted or fronted on Tremont street would be solicited or obtained as consumers of appellant's gas. On the contrary, it clearly appears from the language of the contract, which is entirely free from ambiguity, that appellee's right to secure consumers of gas under the terms of the contract was limited to persons whose premises abutted Tremont street, and which could be supplied with gas by service pipes connected directly with the 4-inch extension main laid in that street. Under no possible interpretation of the contract could it be said that the residences of Sonnentheil, Eller, and Stacey were "on" the 4-inch extension on Tremont street. They were not "adjacent" or "contiguous" to said street, nor were they within the broadest meaning of the word "on," "at," or "near" said street. Each of them was practically a block distant from Tremont street, one fronting on Worth street and the other two on Victor street. The 6-inch main laid in Ridgeway street, running almost north and south, and with which the service pipes leading into the residences of Sonnentheil, Eller, and Stacey were connected, was laid by and at the cost of appellant alone, and, as shown by the map, made a part of the statement of facts, was not constructed until some months after the completion of the extension of the 4-inch main on Tremont street. The only extension mentioned or referred to in the contract sued on is the 4-inch main, and there is no evidence that the placing of the 6-inch pipe in Ridgeway street was contemplated or spoken of at the time said contract was executed. Manifestly, therefore, it was not intended that connections made with residences fronting any street other than Tremont street and by means of connection with the 6-inch pipe should be included. The mere fact that the 6-inch main crossed the 4-inch main on Tremont street and was connected with it by appellant does not authorize the conclusion that the residences of Sonnentheil, Eller, and Stacey, within the meaning or purview of the contract sued on, were "on" the 4-inch extension on Tremont street. The contract clearly limits the refund agreed to be made to gas consumers on the Tremont extension. Sonnentheil, Eller, and Stacey were not such consumers, according to the undisputed evidence in the case, and appellee was not entitled to recover. The case appears to have been fully developed, and to remand it for another trial would be useless. The judgment of the county court will therefore be reversed, and judgment here rendered for appellant.

Reversed and rendered.