**STUCKEY et al. v. JONES, County Judge, et al.** (No. 10062.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 18, 1922.)

**1. Highways ⬩71—Commissioners' court only has authority to alter established roads.**

Ordinarily the commissioners' court of a county is limited in its authority to change or alter roads to those already duly established, under Vernon's Sayles' Ann. Civ. St. 1914, art. 6861.

**2. Counties ⬩195—Change in road held substantial compliance with petition for bond election.**

Changing a winding road 8,625 feet in length into a straight one 1,110 feet less in length *held* a substantial compliance with a petition for a bond issue and an order of the commissioners' court ordering the bond election, which read, "All said roads to be on the same lines as heretofore laid out by the commissioners' court for improvements under the bond issue voted in 1917," in that "on" may be used as synonymous with "near, adjacent

to, contiguous to" (citing Words and Phrases, First and Second Series, On).

**3. Injunction ⬩76 — Not available against county commissioners except for gross abuse of discretion.**

Except for a gross abuse of discretion, an injunction is not available against county commissioners in any matter within their discretion.

Appeal from District Court, Wichita County; H. F. Weldon, Judge.

Suit by W. A. Stuckey, doing business under the name of the Lone Star Tank Company, and another, against J. P. Jones, County Judge, and others. From a judgment sustaining a motion to dissolve a temporary injunction, plaintiffs appeal. Affirmed.

Davenport, Wilson & Thornton, of Wichita Falls, for appellants.

Fulton & Myers, of Wichita Falls, for appellees.

BUCK, J. W. A. Stuckey, doing business under the name of Lone Star Tank Company, and the Keystone Ranger Refining Company, a corporation, filed a suit against Henry Morgan, county engineer, J. P. Jones, county judge, and the county commissioners of Wichita county, alleging that in 1917 said commissioners' court ordered an election in Wichita county to determine whether there should be issued road bonds to the amount of $750,000 for the construction of pike roads across certain portions of Wichita county; that the election was held, and the issuance of the bonds was carried; that thereupon the commissioners' court laid out the road from Wichita Falls to Burkburnett, and large sums of money were expended thereon; that subsequently, in 1921, another election was held for a further bond issue for $1,000,000 for roads and was carried. The petition and order therefore provided that:

"All said roads to be on the same lines as heretofore laid out by the commissioners' court for improvement under the bond issue voted in 1917. But the court may, if deemed by it advisable, cause route No. 1 to cross over the Fort Worth & Denver City Railroad into the Scotland addition over the Burnett street bridge to Seventh street, and thence back to its original line. But in that event route No. 1 shall also be paved to the old bridge across Wichita river to its intersection with route No. 2, on the north side of the river."

It was alleged that the defendants were proposing to, and would, if not prevented by injunction, change the road in respects not authorized by the taxpayers in the 1921 election, and by such change would cause said road to go around and miss the premises and property of plaintiffs; that they had purchased said property subsequent to the 1921

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

election and on the strength thereof, and would be irreparably damaged unless the defendants were restrained from the threatened departure from lines required by the election of 1921.

Upon a hearing on defendants' motion to dissolve the temporary injunction theretofore granted, the trial court sustained the motion to dissolve, and plaintiffs have appealed.

Above is shown a sketch or range sketch, showing the old road from A to B and B to C. It will be noted that the distance from A to C by the old road is 8,625 feet, while the distance by the proposed new road is 1,110 feet less. The county engineer, testifying, called attention to the avoidance of curves in the proposed new road, while in the old road there are four curves, one at A being 90 degrees. It was further shown that the proposed new road at its furtherest point from the old road is 1,355 feet; that it would cost the county $3,000. more to construct the old road than it would to construct the new road, and that the new road would be cheaper to maintain than the old road. It was agreed, further, that part of the money received from the sale of the 1917 bond issue was expended in preparing the old road for a gravel road, and that said road was the one selected by the commissioners' court after the 1917 election. No question is raised as to the good faith of the commissioners' court in determining that the road from Wichita Falls to Burkburnett should be shortened as indicated, or that the proposed new road would not be for the best interests of the county, and a large majority of the people traveling over it. One witness testified that the refineries

had built a dam at or near where the creek crosses the old road, at M, which throws more water on the roadway than formerly and caused the water to run down the road and to wash out the road and to make a deep ditch there; that it was almost impossible to maintain a road there; that if a road is built there it will have to be built in the creek bed; that there is no dirt along there with which to build up the roadbed without taking as much land from each side of the road as will have to be taken for the new road.

The only question presented in this appeal is: Is the commissioners' court, by reason of the provision in the petition for the bond election, above quoted precluded from making this change? Appellants rely on such cases as Moore v. Coffman (Tex. Civ. App.) 189 S. W. 94, by this court, affirmed by the Supreme Court in 109 Tex. 93, 200 S. W. 374, and Grayson County v. Harrell (Tex. Civ. App.) 202 S. W. 160, by the Amarillo Court of Civil Appeals, writ refused. In the first-cited case the petition for the bond election designated the places where bridges should be built across the Brazos river, to wit, at the "Brock crossing," and at the "Bill Coffman crossing," each a well-known location. The order of the commissioner's court designated the same crossings for the two bridges to be bulit. Later the commissioners' court determined to build a bridge across the river at a point some five or six miles from the Coffman crossing, instead of at the Coffman crossing. The courts held that the commissioners' court was not authorized to expend any part of the money derived from the bond issue for a purpose different from that designated in the petition and the order for the election.

[1] In Grayson County v. Harrell, supra, an effort was made to bind the commissioners' court by statements alleged to have been made by the Chamber of Commerce of Sherman and others, and the court held that the commissioners' court was not so bound. Ordinarily the commissioners' court is limited in its authority to change or alter roads already duly established. Article 6861, V. S. Tex. Civ. Stats., provides:

"No public roads shall be altered or changed, except for the purpose of shortening the distance from the point of beginning to the point of destination, unless the court upon a full investigation of the proposed change finds that the public interest will be better served by making the change; that said change shall be by unanimous consent of all the commissioners elected."

See 37 Cyc. 161, IV.

[2, 3] The change contemplated was presumably ordered by the commissioners' court upon full investigation and the finding that the public interest would be better served thereby and by a unanimous vote of the com-

missioners and county judge. It certainly shortened the road considerably. Moreover, we think the change proposed was a substantial compliance with the petition for the bond election of 1921, and the order of the commissioners' court thereon. Certainly if the commissioners' court had any discretion to make any minor changes in the road as surveyed pursuant to the 1917 election, the proposed change did not involve a gross abuse of such discretion lodged in the court. Except for a gross abuse of discretion, an injunction is not available against county commissioners in any matter within their discretion. Waterbury v. City of Laredo, 60 Tex. 523; City of Austin v. Nalle, 85 Tex. 520, 22 S. W. 676, 960; Grayson County v. Harrell (Tex. Civ. App.) 202 S. W. 160.

Moreover, to further show a substantial compliance with that part of the petition for the bond issue and the order of the commissioners' court in ordering the bond election, which reads, "All said roads to be on the same lines as heretofore laid out by the commissioners' court for improvements under the bond issue voted in 1917," it is well to remember that "on" may be used as synonymous with "near, adjacent to, contiguous to," etc. Words and Phrases, p. 4963; Hempstead v. City of Des Moines, 52 Iowa, 303, 3 N. W. 123; London Assurance Corporation v. Thompson, 170 N. Y. 94, 62 N. E. 1066; Burkett v. Chestnutt (Tex. Civ. App.) 212 S. W. 271; County Gas Co. v. Templeton (Tex. Civ. App.) 185 S. W. 942.

For the reasons indicated, we feel that we cannot disturb the judgment of the trial court, and the judgment below is in all things affirmed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes