JOHN G. JOHNSON, Respondent, v. W. E. HUTCHINSON, Appellant.

Kansas City Court of Appeals, October 30, 1899.

1. Practice: SPECIAL JUDGE: JURISDICTION: PRESUMPTION: ABSTRACT. The statute providing for the election of special judges requires an entry of the result of the election in the records of the court, but the appellate court, in the absence of such order in the abstract before it, will presume that all things were done regularly unless the contrary appears.

2. Chattel Mortgages: DESCRIPTION: RULE: NOTICE. The description in a chattel mortgage is sufficient if it enables third parties by the aid of the inquiries it suggests to identify the property, but this rule is not necessary where such third person has notice of the mortgage, for he stands in the shoes of the mortgagor.

3. ———: ———: LOCATION OF PROPERTY: PRESUMPTIONS. The description in a chattel mortgage is not uncertain as to the possession and location of the property where the whole instrument shows that it is to remain in the possession of the mortgagor in one or the other of two counties, and the acknowledgment is before a justice in one of said counties in which it is recorded and the note is payable at a town in said county.

4. Evidence: JUDICIAL NOTICE: TOWN IN COUNTY. The appellate court will take judicial notice that a certain town is in a certain county.

5. Appellate Practice: SAME THEORY. Where plaintiff and defendant try the case on the same theory, they will be bound by the finding of the jury.

Appeal from the Sullivan Circuit Court.—*Hon. J. P. Butler,* Judge.

AFFIRMED.

*Calfee, Swanger & Calfee* for appellant.

(1) Hon. John P. Butler, special judge, acquired no jurisdiction of the cause by agreement of the parties. Before a special judge can acquire jurisdiction by agreement the inability of the regular judge must appear from the record. Bank v. Graham, 48 S. W. Rep. 910. The question of jurisdiction can be raised at any time. (2) The court should have sustained defendant's objection to the introduction in evidence of the instrument purporting to be a chattel mortgage given by V. T. Sevier to plaintiff. That instrument has none of the requisites or elements of a valid mortgage and could not affect defendant, either with or without notice of its

existence.   The rule is that where the property remains in the possession of the mortgagor the description of the property must be such that third parties aided by inquiries which the instrument itself suggests can identify the property. Stonebraker v. Ford, 81 Mo. 532; Bozeman v. Fields, 44 Mo. App. 432.

*Wattenbarger & Bingham* and *John M. Campbell* for respondent.

(1)   The record in this case fails to show whether the regular judge was disqualified or not.   In fact it is silent on that point.   Special Judge Butler became the judge of the court for all the purposes of this suit.   Naffzieger v. Reed, 98 Mo. 87; Lacy v. Barrett, 75 Mo. 469.   (2)   The court committed no error in permitting plaintiff to introduce in evidence the chattel mortgage given by V. T. Sevier.   The instrument does contain a description of the property mortgaged, and does locate the property by providing against its removal from Putnam or Sullivan county, Missouri. This has been held sufficient as to the *situs* of the property. Estes v. Springer, 47 Mo. App. 99; Holmes v. Com. Co., 2 Mo. App. Rep., No. 11, p. 673.   The description in the mortgage is sufficient enough to warn the public of the property to be charged with the mortgage lien.   Furniture and Carpet Co. v. Davis, 76 Mo. App. 512.   Many imperfect descriptions in such cases have been held good by this court.   Dodson v. Dedman, 61 Mo. App. 209.   That the appellant had notice of this mortgage before he bought the cows in controversy, there can be no question.   An imperfect description will not render a mortgage void as to the mortgagor or person with actual notice.   Furniture and Carpet Co. v. Davis, 76 Mo. App. 512.   Unquestionably this mortgage is valid between the parties to the mortgage and all persons with notice. (3)   As to the residence of the parties, that can be easily gathered from the instrument itself, which is sufficient.   The

instrument points out where the debt is to be paid, where the property is situated, and where the parties acknowledged the mortgage to be their free act and deed.    Estes v. Springer, 47 Mo. App. 99.

SMITH, P. J.—This is an action of replevin which was brought before a justice of the peace to recover the possession of "one red and white spotted cow, about four years old, and one red cow four years old, white on belly and end of tail." The cause went to the circuit court where the plaintiff had judgment and the defendant appealed.    The record discloses that by agreement of parties the cause was tried before the Hon John Butler, special judge.    The defendant, after the trial of the cause, before the special judge agreed upon, had resulted adversely to him, presented his bill of exceptions to said special judge to be allowed, signed and sealed by him and which was done accordingly.

It is true the statute requires that whenever a temporary judge shall be elected that an entry thereof shall be made on the records of the court, together with the reasons therefor.    Revised Statutes, section 3329.    Whether or not any such entry was made on the record in the present case does not affirmatively appear.    The abstract shows no more in respect to the election of the special judge than has already been stated.    The court over which he was elected to preside was one of general jurisdiction, and every presumption must be indulged in favor of the regularity of its proceedings. *Omnia praesumuntur rite et solemnitur esse acta, donec probitur in contrarium.*    Schell v. Leland, 45 Mo. 289.    No reason is seen why we may not presume the order, required by the section of the statute just referred to, was not made in respect to the election of the special judge who tried the present case.

It has been decided that where the record of a court of general jurisdiction shows that it assumed to exercise juris-

diction over a person or subject-matter, in the absence or silence of the record as to any fact showing acquisition of jurisdiction, or how it was acquired, then jurisdiction is presumed.   Huxley v. Harrold, 62 Mo. 516; Gates v. Tusten, 89 Mo. 13; Adams v. Cowles, 95 Mo. 501; Hamer v. Cook, 118 Mo. 476.

We can not infer, as the defendant would fain have us do, that because the abstract is silent as to the entry required by said section 3329 it was not made and therefore the special judge had no jurisdiction to try and determine the cause.   Nothing is seen in Bank v. Graham, 147 Mo. 250, that is at variance with the foregoing.

At the trial the plaintiff was permitted, over the objection of the defendant, to give in evidence a chattel mortgage executed to him by one Sevier on "three cows, two three years old and one two years old."   The mortgage provided that if the mortgagor removed or attempted to remove the property from Putnam or Sullivan counties that the mortgagee could take the same in his possession.   It was acknowledged before a justice of the peace of Putnam county and duly recorded in that county.   One of the grounds of objection to the introduction of it in evidence was that the description was insufficient.   As between the mortgagee and the mortgagor the description, though imperfect, is, we think, sufficient.   The general rule is that, the descriptions of personal property in a chattel mortgage, where the possession is retained by the mortgagor, will be regarded as sufficient if it is such as to enable third parties, aided by inquiries which it suggests, to identify the property.   Stonebraker v. Ford, 81 Mo. 532; Chandler v. West, 37 Mo. App. 631; Bank v. Metcalf, 29 Mo. App. 334; Holmes v. Com. Co., 81 Mo. App. 97.   But where the mortgaged property has passed into the possession of a third person with actual notice of the mortgage, then the rule just adverted to is without application for, in that case, such third person stands in the shoes of the mortgagor and his

rights in respect to the mortgaged property as against the mortgagee are not different from those of the mortgagor. Furniture Co. v. Davis, 76 Mo. App. 513; Bank v. Bank, 50 Mo. App. 92; Dodson v. Dedman, 61 Mo. App. 209; Johnson v. Jeffries, 30 Mo. 423.   And this was the view which the defendant took of the law of the case as it appears from his third and fourth instructions, which were given at his request.

The defendant objected to the introduction of the mortgage on the further ground that it failed to show the location of the property, or in whose possession it was to remain until default.   From the recitals in the mortgage it is clear that the property was to remain in possession of the mortgagor in Putnam or Sullivan county until default.   If he removed or attempted to remove it from either of the said counties the mortgagee was thereby authorized to take it into his possession. The fact that the mortgage was acknowledged before a justice of the peace in Putnam county and recorded in that county together with the further fact that the note described in the mortgage was made payable at Xenia, a town in that county —a fact of which we will take judicial notice, State v. Pennington, 124 Mo. 388—are sufficient to warrant the inference that the mortgaged property was located in that county, though the mortgagee had the right to remove it into Sullivan county, and that the mortgagor resided there.   The first and perhaps the second of the defendant's objections to the introduction of the mortgage were primarily fatal, but they were obviated by the evidence thereafter adduced which tended to prove that when the defendant purchased the property he had actual notice that it was encumbered by the plaintiff's mortgage.

The theory of the instructions of both the plaintiff and defendant was that if the defendant purchased the property in dispute with actual notice that the same was subject to the plaintiff's mortgage, then the plaintiff was entitled to

recover. The case having been submitted to the jury by both parties on that theory the verdict must be held conclusive.

The judgment will accordingly be affirmed. All concur.