## CLARKE v. TOWN OF NORTHAMPTON.

(Circuit Court of Appeals, Second Circuit.   January 8, 1903.)

No. 7.

1. MUNICIPAL BONDS—VALIDITY—SUFFICIENCY OF PETITION.
Under Laws N. Y. 1869, c. 907, § 1, as amended by Laws 1871, c. 925, § 1, providing for the issuance of railroad aid bonds by municipalities on petition of a majority of the taxpayers "who are taxed or assessed for property, not including those taxed for dogs or highway tax only," a petition which fails to show that the signers do not include persons taxed for dogs or highway tax only, or that it is signed by a majority of those taxed for property, not including such, was not sufficient to authorize the county judge to take jurisdiction of the proceedings, and an adjudication based thereon, and bonds issued in pursuance thereof, are void for lack of statutory power in the persons appointed to execute the same to bind the municipality.

2. SAME—RATIFICATION OF VOID BONDS—EFFECT OF PAYMENT OF INTEREST.
Where municipal bonds are void in their inception for want of power to issue the same, and not merely because of irregularities in their issuance, the payment of interest thereon by the municipality, however long continued, does not amount to a ratification which estops the municipality from pleading their invalidity.

In Error to the Circuit Court of the United States for the Northern District of New York.

F. B. Tiffany and H. J. Cookingham, for plaintiff in error.
F. L. Carroll, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. We agree with the opinion of the court below that the bonds in suit are void because created without any authority by the officers who issued them to represent the town of Northampton, and that the long-continued payment of interest upon the bonds by the town did not validate them by ratification or estoppel. That the bonds were created without any authority is conclusively settled by the decision in Rich v. Mentz, 134 U. S. 632, 10 Sup. Ct. 610, 33 L. Ed. 1074. In answering in that case the first and second questions certified by the court by the judges of the Circuit Court, the court adjudged that a petition in form and substance such as the one in the present case was not sufficient to authorize the county judge to take jurisdiction of the proceeding under which the bonds purported to have been created. The bonds in that case, as in this, purported to be issued under the same statutory authority, the statute of this state of May 18, 1869, as amended in 1871; and, a distinct answer having been given by the court to the distinct question whether

¶ 2. See Municipal Corporations, vol. 36, Cent. Dig. § 1950.

the county judge could take jurisdiction and proceed to render an adjudication, it is impossible to escape the effect of that answer as a controlling decision in the present case. It follows inexorably that the adjudication of the county judge was void, that the officers appointed by him to carry the adjudication into effect never became the agents of the town for that purpose, and that the statutory authority by which alone the town was empowered to lend its credit was never brought into existence. If the bonds had been issued irregularly by the agents of the defendant, within the doctrine declared in many adjudications, the payment of interest upon them for a series of years would amount to a ratification by the defendant, notwithstanding the interest was raised by taxation. But this doctrine is not applicable in cases where there is a total want of authority on the part of the town to issue obligations. Parkersburg v. Brown, 106 U. S. 487, 1 Sup. Ct. 442, 27 L. Ed. 238; Cowdrey v. Town of Caneadea (C. C.) 16 Fed. 532. "The objection to them is not that they were issued irregularly, but that there was no power to issue them at all. They are to be made good, if at all, not by waiving irregularities in the execution of an old power, but by the creation of a new one." Katzenberger v. Aberdeen, 121 U. S. 172, 178, 7 Sup. Ct. 947, 950, 30 L. Ed. 911. Under these circumstances, any attempted ratification by the town was nugatory, and it could not estop itself even by the most solemn promise, unless made with statutory sanction.

The judgment is affirmed.