WILLIAM J. GUNBY, Appellant, v. MINNIE COOPER, Executrix of the Estate of CHARLES L. COOPER, Deceased, Respondent.

### Kansas City Court of Appeals, March 2, 1914.

1. **JUDGMENTS: Voidable and Void: Collateral Attack.** A judgment which is merely voidable and not void cannot be attacked in a collateral proceeding. Where the court has jurisdiction of the subject-matter and of the parties, its judgment, however erroneous or irregular, cannot be questioned in a collateral proceeding.

2. ———: ———: ———. Unless the action or proceeding has for its very purpose the impeaching or overturning of a judgment, it is collateral. Proceedings to enforce a judgment are collateral to the judgment.

3. ———: ———: ———: **Death of Defendant Before Judgment.** Where the court has acquired jurisdiction of the subject-matter and of the person during the lifetime of a party, a judgment rendered against him after his death is, although erroneous and liable to be set aside, not void nor open to collateral attack. At most it is only voidable. But if the party was dead at the commencement of the suit or before jurisdiction of the person was obtained, then such judgment is absolutely void and open to collateral attack.

4. ———: ———: ———: ———. A person attacking a judgment collaterally must not only show that it is open to attack but also that it is open to collateral attack. He must not only show facts establishing that it is voidable but also that it is absolutely void. Because the jurisdiction as to the parties will be presumed when the attack is collateral.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

REVERSED AND REMANDED (*with directions*).

*Paul D. Kitt* for appellant.

*Scott J. Miller* for respondent.

TRIMBLE, J.—At some date, not shown when, but prior to the institution of the present suit, one W. P. Cook obtained a judgment against William Raulie in a Justice court of Livingston county. Raulie appealed to the circuit court and gave an appeal bond with Charles L. Cooper as one of the three sureties thereon. Just when this appeal bond was filed in the circuit court is not shown. But on January 29, 1909, Charles L. Cooper died.

At the May term, to-wit, on May 4, 1909, of said circuit court, the case of Cook v. Raulie was tried and judgment for $90.40 debt and $13.65 costs was rendered against Raulie and his securities on his appeal bond, including Charles L. Cooper, who, as will be observed was then dead and had been since the 29th of January.

Shortly after the rendition of said judgment the plaintiff Gunby became the owner thereof, it having been assigned to him for value.

On August 1, 1912, this judgment was duly presented to the probate court for classification and allowance as a demand against the estate of said Charles L. Cooper, deceased. The probate court refused to allow the demand, and the matter was appealed to the circuit court where the case was tried on an agreed statement of facts, subject to any objections which either party might make for competency, relevancy and materiality. Thereupon counsel for plaintiff objected to the competency and relevancy of the fact that Charles L. Cooper was dead at the time of the rendi-

tion of the judgmenet.    The circuit court overruled
the objection and found for defendant.    Plaintiff has
appealed.

The question for solution is can the validity of the
judgment of the circuit court in the case of Cook v.
Raulie against Cooper as one of the sureties on Rau-
lie's appeal bond be defeated in this proceeding by
showing that Cooper was dead at the time of the ren-
dition of the judgment in the Raulie case?

It is undoubtedly the law that a judgment which is
merely voidable and not void cannot be attacked in a
collateral proceeding.    Where a court has jurisdiction
of the parties and the subject matter of a suit, its
judgment, however erroneous or irregular, cannot be
questioned in a collateral proceeding.    [Yoeman v.
Younger, 83 Mo. 424; Martin v. McLean, 49 Mo. 361;
23 Cyc. 1055.]    Unless the action or proceeding has
for its very purpose the impeaching or overturning
of the judgment, it is collateral.    [23 Cyc. 1062.]    All
proceedings to enforce a judgment are collateral to
the judgment, even though it be a direct action on
the judgment.    [23 Cyc. 1064.]    So that the presenta-
tion of the judgment in this case to the probate court
for classification as a demand against the estate is
collateral to the judgment.    [23 Cyc. 1065.]

Consequently the prime question is, was the judg-
ment against Cooper in the case of Cook v. Raulie void,
or was it merely voidable?    This question would seem
to be answered by the decision of the Supreme Court
of Misouri in the case of State ex rel. v. Riley, 219
Mo. 667, l. c. 684 wherein the court says: "The immedi-
ate question before us is, does the death of a party to
a suit, after being duly under the jurisdiction of the
court, both as to person and subject-matter, make an
adverse ruling to him void, or does it render such
judgment only voidable?    The cases are not uniform
upon the question, but the weight of authority is to the
effect that such a judgment is voidable only.    In

Black on Judgments, sec. 200, it is said: "The great
preponderance of authority is to the effect that, where
the court has acquired jurisdiction of the subject-
matter and the persons during the lifetime of a par-
ty, a judgment rendered against him after his death
is, although erroneous and liable to be set aside, not
void nor open to collateral attack." The opinion
quotes from the case of Coleman v. McAnulty, 16 Mo.
173, l. c. 176, where it is said that "In the case of
Warder v. Tainter, 4 Watts, 278, the court says, the
authorities are abundant to show, that in no case is a
judgment rendered by a court of general jurisdiction,
considered void on acount of the death of the defend-
ant having taken place before the rendition of it; that,
at most, it is only voidable. If the death of the de-
fendant will not render a judgment void, no reason
is perceived why the death of the plaintiff should
have that effect." And then after citing a number of
Missouri cases and other authorities, the Supreme
Court in the Riley case p. 687 says: "From all we
conclude the right rule to be, that if the party dies
during the pendency of a suit wherein the court by
legal process has acquired jurisdiction over both the
person and the subject-matter, but before judgment,
and a judgment is rendered gainst such party so dy-
ing, without there being anything of record showing
such death, then such judgment is voidable only and
not void. But on the other hand, if the party was
dead at the institution of the suit, and the court for
that reason acquired no juridiction over the person
or subject-matter, then such a judgment is void."

So that, if the circuit court obtained jurisdiction
over the person of Cooper while he was yet alive, un-
der the holding of the Supreme Court, the judgment
against him would not be void although he died be-
fore the judgment was rendered.

How, if at all, did the court acquire jurisdiction
over Cooper? He was not a defendant who had to be

brought in by summons. He was a surety on an appeal bond. Therefore when he signed the appeal bond and it was approved by the justice so as to effectuate an appeal, this gave the circuit court jurisdiction over Cooper's person, at least from the moment the appeal was lodged in the circuit clerk's office. Therefore if he was alive whenever such jurisdiction attached, the judgment was not void but merely voidable, subject only to attack by the writ of *coram nobis.* [5 Ency. of Pl. & Pr. 26-27; State ex rel. v. Riley, 219 Mo. 1. c. 683.]

It is at this point that defendant says the judgment is vulnerable even in this collateral proceeding. The agreed statement of facts does not show whether the appeal bond was filed in the clerk's office before or after Cooper's death. Defendant says, if it was filed afterwards, the circuit court never obtained jurisdiction over Cooper's person and in that event the judgment against him is void.

But the question is, if Cooper died before the appeal was filed in the clerk's office, whose business was it to show that fact? The presumption is that the circuit court rendering judgment had jurisdiction not only of the subject-matter but *of the parties also.* [Johnson v. Hutchinson, 81 Mo. App. 299, l. c. 302-3; Gulpin v. Page, 18 Wall. (U. S.) 350.] Jurisdiction as to subject-matter and as to parties will be presumed as a matter of law when collaterally called in question. [Huxley v. Harrold, 62 Mo. 516; 11 Cyc. 693.] Consequently, the judgment against Raulie and Cooper, his surety, carries with it, or establishes the presumption that jurisdiction was properly obtained over his person and that he was alive when judgment was rendered. If it is incumbent upon defendant to bring forward the fact that Cooper was dead when the judgment was rendered, is it not also incumbent upon her to bring forward the additional fact that he was dead before the court obtained jurisdiction of his per-

son? Is it not the more important and necessary fact of the two since it is one fact which would enable her to attack the judgment in this collateral proceeding? In other words, is it not just as incumbent upon her to show a fact entitling her to attack the judgment in this collateral proceeding as it is to show a fact affecting the validity of the judgment after the right to attack it appears? Cooper was certainly alive when he signed the bond, and the presumption is he was alive when it became effective by giving the court jurisdiction to render judgment against him in case Raulie did not successfully defend or satisfy the judgment. And if he was not, defendant should not have contented herself with showing merely that he was dead at the time judgment was rendered, thus showing only that the judgment was voidable; but she should have gone further, in this proceeding, and shown that he died before jurisdiction had attached to his person.

The judgment is reversed and remanded with directions to render judgment classifying and allowing said demand against the estate of Charles L. Cooper, deceased. All concur.